**John SHEAHAN, Plaintiff,**

v.

**FRED S. JAMES & COMPANY OF MISSOURI, INC., a Missouri corporation, and Asbestos Workers St. Louis Welfare Fund, Defendants.**

**No. 85–2056C(B).**

United States District Court,
E.D. Missouri, E.D.

Jan. 14, 1986.

Mark Bronson, Newman & Bronson, St. Louis, Mo., for plaintiff.

Donald Bird, Husch, Eppenberger, Donohue & Cornfeld, St. Louis, Mo., for defendants.

## ORDER

REGAN, District Judge.

This matter is before the Court on motion of defendants for summary judgment.

We have jurisdiction of this action under ERISA. By his first amended complaint, plaintiff seeks to recover health benefits allegedly due him by Asbestos Workers St. Louis Welfare Fund under its Plan document. He also seeks $100,000 in punitive damages against Fred S. James & Co. to which certain fiduciary duties have been delegated by the Fund, based on its refusal to authorize payment to plaintiff.

The Fund was established by the Master Insulators Association of St. Louis and the union of which plaintiff is a member to provide health benefits for the union employees. It is administered by a Board of Trustees, two selected by the employers and two by the union. Fred S. James & Co. performs certain administrative responsibilities on behalf of the Trustees, subject to their directions and to the terms of the Plan. Plaintiff has been employed in the insulation industry since 1954, working with asbestos products. He has a confirmed primary diagnosis of asbestosis.

The claims in question are for medical care, treatment, hospitalization, and surgical procedures which plaintiff alleges were necessary to determine if there was a lung or other cancer condition (which may have been caused by his asbestosis). The claims were denied by defendant Fred S. James & Co. in conformity to the policy of the Trustees to deny all claims which appear to be related to the claimant's employment, including those related to a diagnosis of asbestosis, an occupational disease. Plaintiff was notified that the submission of his claims to workers' compensation was a prerequisite to processing them by the Fund. However, plaintiff has adamantly refused to file a worker's compensation claim.

The Plan provides (Article IV, Section G) that benefits shall not be payable for or *in connection* with sickness covered by workers' compensation law, occupational disease law, or laws of a similar character, or employment for which the covered individual is eligible for benefits under such laws. In addition, said Article IV, Section G specifically provides:

> Under no circumstances is the Plan intended to provide benefits in addition to those provided by any state workers' compensation law. *The Administrator may require any Covered Individual to file a claim with the appropriate workers' compensation carrier if the Administrator believes in good faith that the benefits claimed are or may be covered by applicable workers' compensation law. In any such case, the claim will not be processed further by the Plan until the claimant has pursued his remedies under workers' compensation.*

After Fred S. James & Co. refused to process the claims involved in this case until plaintiff filed a claim therefor under the applicable workers' compensation law, and plaintiff appealed that ruling to the Trustees, they agreed to and did review all of plaintiff's medical and hospital records. The records were confirmatory of the diagnosis of asbestosis, and the Trustees sus-

**68**

tained the action of Fred S. James & Co. and so notified plaintiff and his attorney.

The issue here presented is not whether plaintiff's claims are in fact payable by the Fund, but whether defendants *believe in good faith* that the claims are related to or in connection with asbestosis and as such *may* be covered under workers' compensation (including occupational disease) and on that basis require plaintiff to file a workers' compensation claim as a condition to further processing his claims under the Plan.

In our judgment, there is no controverted issue of fact which would preclude summary judgment. We are aware that plaintiff has filed a nine page "affidavit" of Harry J. Nichols, an attorney who represented him, but is not an attorney of record in the present suit. Virtually all of this document (which purports to be made on information and belief rather than on personal knowledge, and fails to show affirmatively that the affiant is competent to testify to all the matters stated therein, in violation of Rule 56(e) FRCP) is an argument with citations, attempting to persuade the Court that if a workers' compensation claim were filed it would be unsuccessful. The controversy between Mr. Nichols and the Trustees has continued since at least September, 1983 and would long since have been resolved had plaintiff followed the request of defendants.

It is clear to us that there is no genuine issue as to the good faith belief of defendants that plaintiff's claims may be covered under the workers' compensation law. There is no evidence (and the Nichols' "affidavit" submits none) controverting defendants' good faith. The mere fact that Nichols may believe that defendants' decisions were "arbitrary" because they disagreed with him does not suffice to create a genuine issue of fact as to defendants' good faith belief.

It follows that defendants' motion for summary judgment should be and it is HEREBY SUSTAINED.